Patrick FUSI, Plaintiff,

v.

WEST ALLIS PUBLIC SCHOOLS,
Defendants.

Civ. A. No. 80–C–373.

United States District Court,
E. D. Wisconsin.

June 2, 1981.

Ellen Bournique, Padway & Padway, Milwaukee, Wis., for plaintiff.

Carolyn C. Burrell and Mark L. Zaiger, Foley & Lardner, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., arising out of the defendant's alleged refusal on racial grounds to hire the plaintiff for a teaching position in the defendant school district. The action is before the court on the de-

fendant's motion for summary judgment. The motion will be granted.

In August 1979, the defendant posted a notice of a vacancy for the position of industrial arts teacher in the Nathan Hale High School. Mr. Dana Wangerin, an industrial arts teacher at the defendant's West Milwaukee High School, requested and received a transfer to the Nathan Hale High School. The defendant then accepted applications to fill the position vacated by Mr. Wangerin, which had included classes in metal work, wood work, and industrial arts math. A State of Wisconsin certification in industrial arts is required for the metal work class and the wood work class, and a certification in mathematics is required for the industrial arts math class. (Szudy affidavit filed April 2, 1981, paragraphs 5 and 6; Exhibit A to Szudy affidavit filed May 4, 1981.) * It is undisputed that the plaintiff has certification only in industrial arts and not in mathematics.

In order to establish a prima facie case of discrimination with regard to hiring, a plaintiff must demonstrate:

"* * * (i) that he belongs to a racial minority; (ii) that he applied *and was qualified for* a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. * * * " *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Plaintiff has filed an affidavit stating that at the time he applied for and was interviewed for the industrial arts position, he was not informed that certification in mathematics was a prerequisite. He states that he was first told of the requirement about a month after he applied when he called to find out the status of his applica-

tion. Plaintiff does not claim that the available position did not include all of the classes at the West Milwaukee High School which Mr. Wangerin had been scheduled to teach. The affidavit, filed April 2, 1981, of Mr. John Driessen, the principal of the West Milwaukee High School, states in paragraph 2 that at the August 1979 interview with Mr. Fusi, "I specifically indicated to Mr. Fusi that the position included all classes Mr. Wangerin was scheduled to teach." It is disputed whether or not Mr. Fusi was told at the time of his interview what all the requisite qualifications for the available position were. He has not created an issue of material fact as to the certifications required, however, and he lacked the certification needed to teach one of the classes which the position encompassed.

The industrial arts position ultimately was absorbed by the defendant school district by assigning the classes separately to teachers already employed, so the vacancy was never filled. Plaintiff appears to be arguing in his brief that because his application was accepted and he was not told that math certification was a requirement and because the position was never filled, the inference can be made that it was not filled because he was the only applicant, barring one other person who had a job with another school district and was therefore disqualified by state law, and the defendant did not wish to hire a black teacher.

In *Holder v. Old Ben Coal Company*, 618 F.2d 1198 (7th Cir. 1980), the female plaintiff applied for a job with a coal mine. The job was labeled as "unskilled" but she was rejected for the position because she lacked prior experience and on that basis was considered by the defendant to be unqualified. Plaintiff in that case argued that defendant was engaging in "a semantic shell game," in other words, that a job was classified " 'as skilled whenever women or other undesir-

---

* Plaintiff's counsel in a letter received by the court on May 12, 1981, argues that Exhibit A to the May 4, 1981, affidavit establishes only that the Wisconsin Department of Instruction required math certification as of April 1981 and not as of the time plaintiff's claim arose. Paragraph 6 of the Szudy affidavit filed April 2, 1981, states, however, that as of July 1, 1978, at least, certification in mathematics was a prerequisite to teaching industrial arts math. Plaintiff has not filed countervailing evidentiary material.

ables applied and unskilled whenever men or favored men applied.'" 618 F.2d at 1201. The district court and the Seventh Circuit rejected her argument:

"* * * That argument may be fostered by commendable zeal to eliminate sex discrimination whenever suspicion arises, but in this case it totally lacks support in the evidence." 618 F.2d at 1201.

The Seventh Circuit also stated:

"* * * The plaintiff 'carries the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were "based on a discriminatory criterion illegal under the Act."' [Citations omitted.] In applying this language the Supreme Court has said that a Title VII plaintiff must show that rejection for a job did not result from 'the two most common legitimate reasons on which an employer might rely to reject a job applicant: *an absolute or relative lack of qualifications* or the absence of a vacancy in the job sought.' [Citations omitted.] * * A Title VII plaintiff must show that the employer was seeking applicants of qualifications comparable to plaintiff's. * * * Plaintiff has shown nothing more than she applied for a job labelled unskilled and she was rejected. This does not constitute a prima facie showing. * * *" 618 F.2d at 1201–1202.

■ In this case also the plaintiff argues that he was rejected based on a discriminatory criterion. The record establishes, however, that as a matter of state law as interpreted by the Wisconsin Department of Public Instruction in the matter of teaching certification, the plaintiff was not qualified for the job which he sought. The fact that the defendant may have failed to inform him of the necessary qualifications at the time he applied does not compensate for his lack of qualifications.

The defendant also argues that the position for which plaintiff applied was absorbed by the school district and did not remain vacant, and therefore that plaintiff also cannot satisfy the fourth requirement of the *McDonnell Douglas* test. The record does not establish with clarity when the defendant made its decision not to hire the plaintiff as compared to when it decided not to fill the vacant position at all. Therefore, summary judgment on the fourth *McDonnell Douglas* requirement is not appropriate, and I do not rely on that argument of the defendant's in granting its motion for summary judgment.

For the foregoing reasons,

IT IS ORDERED that the defendant's motion for summary judgment is granted, and this action is dismissed with prejudice but without costs.